(March 17, 1917.)

M. E. LEWIS, Appellant, v. A. O. CHRISTOPHER, as Assessor and Tax Collector of Canyon County, Idaho, and the COUNTY OF CANYON, a Body Corporate, Respondents.

[163 Pac. 916.]

STATE LANDS—PURCHASER OF—TAXABLE INTEREST.

*Held,* where one purchases state land under an instalment contract, his interest, which is subject to taxation, under secs. 1586 and 1643, Rev. Codes, bears the same relation to the full cash value of the land as the amount actually paid upon his contract bears to the total purchase price.

[As to validity of statute providing for assessment of property at a fixed per cent of value, see note in Ann. Cas. 1915D, 446.]

APPEAL from the District Court of the Seventh Judicial District, for the County of Canyon. Hon. Ed. L. Bryan, Judge.

Action brought to cancel and set aside assessment and tax levied in pursuance thereof. From a judgment of dismissal, plaintiff appeals. *Affirmed.*

Geo. H. Van de Steeg, for Appellant.

Under the contract alleged, title was still vested in the state at the time of this assessment. The land itself, therefore, could not be taxed—it was exempt. If it is taxed, it cannot be sold; if it is sold, the sale is a mere nullity, and no title can be acquired by virtue of the sale. The sale gives rise to no lien upon the land; it is absolutely void and of no effect. (*Quivey v. Lawrence,* 1 Ida. 313; *State v. Stevenson,* 6 Ida. 367, 55 Pac. 886.)

The statute, after specifically exempting state lands, permits the taxation of the value of the purchaser's interest, which cannot be a tax upon the land itself, and if it is not a tax upon the land, then it is not a tax upon real property, and if it is not a tax upon real property, then it cannot be anything but a tax upon personal property.

The purchaser of state lands under these contracts does not hold the equitable title, for the equitable title does not pass under forfeiture contracts. (*Commissioners of Douglas County v. Union Pac. Ry. Co.,* 5 Kan. 615.)

The statute should be interpreted strictly against the taxing power and not in favor of such power. (*East Livermore·v. Livermore Falls Trust & B. Co.,* 103 Me. 418, 13 Ann. Cas. 631, 69 Atl. 306, 15 L. R. A., N. S., 952.)

Alfred F. Stone and H. A. Griffiths, for Respondents.

Revenue statutes are to be construed so as to effect the object of such statutes and promote justice. Statutes of exemption are to be strictly construed against exemptions and in favor of revenue. (*Salisbury v. Lane,* 7 Ida. 370, 63 Pac. 383.)

BUDGE, C. J.—This is an action brought by the appellant against respondent, Christopher, as assessor and tax collector

of Canyon county, and the county of Canyon, for the purpose of canceling and setting aside an assessment and a tax levied in pursuance thereof, upon appellant's interest in certain land, purchased from the state under its regular contract of sale, providing for deferred payments. To appellant's complaint a demurrer was filed by respondents and by the court sustained, whereupon appellant refused to plead further and judgment of dismissal was duly entered. This appeal is from the judgment.

It appears that the assessor of Canyon county, in 1912, found said land to be of the full cash value of two thousand dollars, and the assessed value to be eight hundred dollars or forty per cent thereof. In order to determine the value of appellant's taxable interest in the land, the assessor divided three hundred and twenty dollars, the amount paid upon the principal of the purchase price by the appellant, by eight hundred dollars, the full purchase price of the land, and obtained as a quotient the fraction four-tenths, which represented the portion of the total assessed valuation of the land upon which appellant's taxes were based. In other words, the total assessed valuation of the land, as found by the assessor, for taxation purposes, was two thousand dollars; appellant having paid four-tenths of the purchase price of the land, the value of his interest therein, which was subject to taxation was four-tenths of the actual full cash value of the land at the time the assessment was made.

The appellant contends that the foregoing method employed by the assessor was contrary to law, and insists that the full cash value of his interest subject to taxation had no relation to the actual full cash value of the land itself, but was the amount of money paid by the appellant to the state under the terms of his contract, and no more. The theory of the appellant is that the assessor should have ignored the actual cash value of the land, as being wholly immaterial, and should have fixed the cash value of appellant's interest therein at three hundred and twenty dollars, the amount actually paid to the state under his contract, which for the purposes of taxation

should be considered as the assessable interest of appellant; and should have taken forty per cent thereof and computed the taxes thereon.

The only material question in this case is whether the assessor's method of obtaining the assessed valuation of appellant's interest in this land is the correct one, and involves the construction of secs. 1586 and 1643, Rev. Codes, and sec. 1652, Rev. Codes, as amended by Special Sess. Laws 1912, p. 26.

It is insisted by appellant that this is a tax upon personal property or a tax upon money and not a tax upon the interest or equity of appellant in the land. With this contention we are not in accord. In our opinion, for the purposes of taxation, the interest that appellant has in the land purchased from the state is subject to assessment as real estate under the provisions of subd. B, sec. 1646, Rev. Codes, as amended by Special Sess. Laws 1912, p. 24, which is as follows:

"The term 'real estate' includes: (1) The possession of, claim to, ownership of, or right to the possession of land or separate estates, easements or interests therein."

The appellant in the instant case has the possession of the land purchased under his contract from the state and has the right to the possession of the same so long as he complies with the terms of his contract, upon the fulfilment of which he will be entitled to an absolute conveyance of title from the state. And it is clear that his interest in the land, under the above terms of the statute is "real estate" and not "personal property." That being true, it was the duty of the assessor to determine the "full cash value" of the land and then to ascertain appellant's interest therein.

While it is true, under the provisions of secs. 1586 and 1643, *supra,* that the land itself is not subject to taxation while the title to the same remains vested in the state, it is likewise true that the value of the interest therein of the purchaser or certificate holder may be taxed, and this interest is not limited to the amount of money paid under the terms of the contract, but to the value of appellant's interest in the land. The value of this interest can only be properly determined by ascertaining the full cash value of the land upon the market

in the ordinary course of trade and then determining the value of appellant's interest in the land.

The land cannot be sold for taxes so long as the title remains in the state, but the interest of the certificate holder in the land is such an equitable interest as may be sold for delinquent taxes. And the purchaser thereunder would be entitled to continue payments to the state with the right to mature the contract and to the possession of the premises. In other words, a purchaser under such circumstances would stand in the same relation to the state that the original purchaser occupied, and upon compliance with the terms of the contract become the owner in fee of the land.

We think that a fair and reasonable construction of secs. 1586 and 1643, *supra*, keeping in view that, in construing revenue statutes, we should consider primarily the purpose rather than the letter of the law; and that all statutes pertaining to revenue are to be construed most strictly in favor of the object of the statute; that is, in favor of the purpose of the statute rather than to defeat the object or purpose of the statute, to the end that all property bear its equitable share of the entire burden of the taxes, is that the interest subject to taxation, of a purchaser of state land, bears the same relation to the full cash value of the land as the amount actually paid upon his contract bears to the total purchase price; and since the assessor followed this method, the judgment of the trial court, in sustaining the demurrer, must be affirmed, and it is so ordered. Costs awarded to respondents.

Morgan and Rice, JJ., concur.